IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
COAL RIVER MOUNTAIN WATCH, INC.
and SIERRA CLUB

          Plaintiffs,

v.                             CIVIL ACTION NO. 3:10-cv-00836

INDEPENDENCE COAL COMPANY, INC.
and JACKS BRANCH COAL COMPANY,

          Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF ITS
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.    INTRODUCTION

Plaintiffs have brought a "citizens' suit" against Independence Coal Company, Inc. ("Independence") and Jacks Branch Coal Company ("Jacks Branch") under the Clean Water Act ("CWA") (33 U.S.C. § 1365(a)) and the Surface Mining Control and Reclamation Act ("SMCRA") (30 U.S.C. § 1270(a)) for alleged violations of the selenium limits in their respective CWA-based NPDES permits. *See* Doc. No. 1 (Complaint filed June 17, 2010). Plaintiffs now seek partial summary judgment as to discharges associated with Independence's NPDES Permits No. WV1016890 and WV1017152 as well as Jacks Branch's NPDES Permit No. WV0093912. *See* Doc. No 14 (Motion for Partial Summary Judgment). Plaintiffs additionally seek partial summary judgment as to Amended Orders 47, 1066, and 18 that are associated with the NPDES permits that are subject to this motion. However, the selenium limits in the Permits and Amended Orders have been stayed by orders of the West Virginia

{C1902185.1}

Environmental Quality Board ("EQB").[1] As a result, there are no current on-going violations of the selenium limits. Accordingly, this Court should grant Defendants' Cross-Motion for Summary Judgment.

## II.  ARGUMENT

### A.  Plaintiffs May Not Properly Challenge the EQB's Action in This Court.

Plaintiffs devote considerable effort to establishing that the enforceability of a NPDES permit is a question of federal law. *See* Doc. 32 (Response in Opposition to Cross-Motion for Summary Judgment) at 16-18. That principle is not at issue here. The question is not whether the permit limits of state-issued NPDES permit may be *enforced* in federal court, but rather whether the terms of such a permit may be *reviewed* by federal court. And courts have firmly established that the answer to that question is "no."

The legislative history of the Clean Water Act demonstrates that states are intended to play the primary role in implementing NPDES programs.[2] Courts have echoed this sentiment. *See, e.g., Save the Bay, Inc. v. Administrator of the EPA*, 556 F.2d 1282, 1294 (5th

---

[1] *See Independence, Inc. v. WVDEP*, Appeal No. 10-07-EQB (*See* Doc. 24, Ex. 1 (Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment and Defendants' Cross-Motion for Partial Summary Judgment)) and *Jacks Branch v. WVDEP*, Appeal No. 10-16-EQB (*See* Doc. 24, Ex. 2 (Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment and Defendants' Cross-Motion for Partial Summary Judgment)).

[2] *See, e.g.,* S.Rep. No. 414, 92d Cong., 1st Sess. 71 (1971), U.S. Code Cong. & Admin. News 1972, p. 3668. ("It is expected that the States will play a major role in the administration of this program (NPDES)."), *reprinted in* 2 *Legislative History of the Water Pollution Control Act Amendments of 1972*, at 1415, 1489 (1973) [hereinafter *FWPCA History*]; H.R. Rep. No. 911, 92d Cong., 2d Sess. 127 (1972) ("The Committee believes that the States ought to have the opportunity to assume the responsibilities that they have requested."), *reprinted in* 1 *FWPCA History* 753, 814; Staff Memo of Subcomm. On Investigations and Review, Comm. On Public Works and Transp., *reprinted in* 3 *A Legislative History of the Clean Water Act of 1977*, at 346 (1977) ("This process for approval of State permitting programs was included in the act to continue the primary State role in water pollution control….") [hereinafter *Clean Water Act History*]; 123 Cong. Rec. 39,209 (1977) (remarks of Sen. Baker) ("The conferees believe that the State permit programs will continue to afford the best protection from potentially harmful discharges…."), *reprinted in* 3 *Clean Water Act History* 524; 2569 Cong. Rec. 10,206 (1972) (remarks of Rep. Harsha) ("Unless we have meaningful local and State participation and not a Federal dictatorship, the program will founder on the rocks of the generally inflexible."), *reprinted in* 1 *FWPCA History* at 355-56; 2569 Cong. Rec. 10,209 (1972) (remarks of Rep. Kluczynski) ("The States must play a prominent part in making the water pollution law work."), *reprinted in* 1 *FWPCA History* 363.

Cir. 1977) ("The primacy of state and local enforcement of water pollution controls is a theme that resounds throughout the history of the [CWA]"). Hence, in a state such as West Virginia, where the EPA has certified a NPDES permitting program, "maximum responsibility for permitting decisions" should be placed on the state. *American Paper Institute, Inc. v. United States Environmental Protection Agency*, 890 F.2d 869, 874 (7th Cir. 1989).

In consideration of these principles, the courts have held that the CWA "does not contemplate federal court review of state-issued permits." *Id.* at 875; *Chesapeake Bay Found. v. Virginia State Water Control Bd.*, 495 F. Supp. 1229, 1237 (E.D. Va. 1980) ("It thus appears that Congress reserved unto the states the reviewability of state agency permitting decisions."). *See also District of Columbia v. Schramm*, 631 F.2d 854 (D.C. Cir. 1980); *Shell Oil Co. v. Train*, 585 F.2d 408, 414 (9th Cir. 1978); *Consolidated Edison Co. v. New York State Dep't of Envtl. Conservation*, No. 88 Civ. 3748 (LLS), 1989 WL 85848 (S.D.N.Y. July 26, 1989); *Natural Resources Defense Council v. Outboard Marine Corp.*, 702 F. Supp. 690 (N.D. Ill. 1988) (each case generally denying federal judicial review of state-issued permits). Thus, the proper forum in which the terms of Defendants' Permits may be reviewed is the one designated by West Virginia's NPDES program.

Nor, as Plaintiffs claim, does the generalized duty of states to maintain their NPDES programs in conformance with federal law (33 U.S.C. § 1342(c)(2)) authorize federal courts to review state permitting actions. Rather, Section 403(c) of the Clean Water Act and its implementing regulations establish an exclusive remedy for challenging a state's enforcement of its NPDES program. 33 U.S.C. § 1342(c)(3) and 40 C.F.R. § 123.63-.64 (establishing procedures for withdrawal of state programs). Indeed, in June 2009, Plaintiffs availed themselves of that remedy by petitioning EPA to withdraw approval of West Virginia's NPDES

program. *See* Exhibit 1; 40 C.F.R. § 123.64(b) (obligating EPA to rule on petition to withdraw program approval). A decision by EPA that a state has administered its program in conformity with applicable federal law "'shall constitute final agency action' within the meaning of [the Administrative Procedures Act]" and is presumably thereby subject to an APA challenge in federal court after EPA has rendered its decision. 40 C.F.R. § 123.64(b)(3)(ii)(D)(8)(ii). EPA has not yet issued a final decision on the Plaintiffs' petition, and this Court should not allow the Plaintiffs to use the citizen suit process as end-run around the statutorily-mandated administrative review process for such petitions.

As mentioned in Defendants' Cross-Motion, the EPA approved West Virginia's NPDES program in 1982. 47 Fed. Reg. 363 (May 24, 1982). This program includes provisions for issuing and challenging the terms and conditions of state-issued NPDES permits and orders in appeals to the EQB. *See* W. Va. Code §§ 22-11-21; 22B-1-1 to -12 & 22B-4-1 to -4 and §§ 29A-5-1 to -5 (establishing right of appeal to EQB). Specifically, § 22-11-21 allows "[a]ny person . . . aggrieved by the terms and conditions of a permit granted under the provisions of this article," to appeal to the EQB.

As further explained in Defendants' Cross-Motion, that state judicial review process is currently ongoing for the Permits as Defendants are currently prosecuting appeals at the EQB challenging the erroneous denials of applications for extended selenium compliance schedules for the Permits. The appeals concern the West Virginia Department of Environmental Protection's ("WVDEP") denials of Defendants' applications to modify the Permits so that they include extended selenium compliance schedules. *See* Doc. 24 (Cross-Motion for Summary Judgment), Exs. 1 (Independence) & 2 (Jacks Branch). To the extent Plaintiffs believe the denials were not in error, they could have intervened in the current appeals before the EQB to

defend the terms of the Permits. W. Va. Code § 22B-1-7(e) provides that "any person affected by the matter pending before the board may by petition intervene as a party appellant or appellee," and that on appeal "evidence may be offered on behalf of the appellant, appellee and by any intervenors." However, Plaintiffs have not attempted to intervene as a party to Defendants' appeals before the EQB. Instead, Plaintiffs have filed the instant action in an attempt to circumvent the statutorily-imposed administrative review process approved by the EPA and deprive Defendants of their right to litigate in state court.

Furthermore, Plaintiffs are entitled to judicial review of an order by the EQB in West Virginia circuit court under the State Administrative Procedures Act and could have properly brought this challenge in state court. W. Va. Code § 22B-1-9 provides that "[a]ny person … adversely affected by an order made and entered by a board after an appeal hearing, held in accordance with the provisions of this chapter, is entitled to judicial review thereof." Such review is subject to the provisions of § 29A-5-4 (State Administrative Procedures Act), *Id.*, which provides that "[p]roceedings for review shall be instituted by filing a petition, at the election of the petitioner, in either the circuit court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business…." W. Va. Code § 29A-5-4. Therefore, a mechanism for state court review of the EQB order is available to Plaintiffs.

Plaintiffs have eschewed the avenues that are legally available in pursuit of federal review of the EQB's order staying the selenium limits under the Permit. They ask this Court to insert itself in the middle of the ongoing state administrative and judicial review proceedings to review an interlocutory order issued by a state administrative review agency. The court lacks the jurisdiction to take such an action. As has been well-established by federal courts

facing similar collateral attacks on the state judicial review process, federal courts lack the jurisdiction to review the validity of state permitting decisions, and state administrative and judicial review of such permitting decisions, such as EQB's stay.

### B. The EQB Stay Orders Should Not be Construed as Modifications to WV/NPDES Permits WV1016890, WV1017152, and/or WV0093912.

In an attempt to manufacture federal court jurisdiction Plaintiffs argue that the stay of Defendants' selenium limits under the Permits ordered by the EQB in April 2010 should be construed as a modifying those permit limits. *See* Doc. 32 (Response in Opposition to Cross-Motion for Summary Judgment). They further argue that such a modification is invalid due to procedural and substantive defects. *Id.* This argument is simply irrelevant because the EQB's stay, Plaintiffs' claims notwithstanding, did no more than temporarily suspend the effectiveness of final selenium limits in the Permits pending the resolution of the appeals.

An analysis of EQB's order demonstrates that it did not effect a modification of the Permits. Upon Defendants' motion, the EQB ordered a stay of "those parts of the Appellant's permit and/or compliance schedule that otherwise impose final selenium limits until further or final order of this Board." Doc. 24 (Cross-Motion for Summary Judgment), Exs. 3 & 4. The EQB ordered the stays upon "[f]inding it necessary to allow the Appellant[s] the opportunity to properly prepare for and conduct a proper evidentiary hearing on the grounds for appeal set forth in Appellant[s'] Notice of Appeal. . . ." *Id.* The EQB thereby concluded "that to allow the compliance schedule to expire prior to a decision by this Board on the appeal of WVDEP's decision would result in a violation of the due process rights of the Appellant." *Id.* Thus, the ordered stays are narrow in scope and temporary in effect.[3] They do not reverse

---

[3] To the extent Plaintiffs believe that EQB's order exceeded the scope of its authority, their proper appeal was to a state court, per W. Va. Code § 22B-1-9. A West Virginia state court is more properly suited than this Court to determine whether a West Virginia administrative agency has complied with West Virginia state law.

WVDEP's denial of Defendants' requested modifications nor do they substantively alter provisions of the Permits. The stays merely suspend the Permit limits for selenium pending further order or final order of the EQB. *Id.* Accordingly, Plaintiffs' argument that the EQB's order did not comply with federal requirements for permit modifications is inapplicable to the instant Motion and should be disregarded by this Court.

Plaintiffs cannot establish that Defendants continue to violate the selenium limits contained in WV/NPDES Permits No. WV1016890, WV1017152, or WV0093912 or Amended Orders 47, 1066, or 18. Defendants are not "in violation" of the CWA with respect to these Permits. Accordingly, this Court should grant Defendants' Cross-Motion for Summary Judgment.

### III.  CONCLUSION

Independence and Jacks Branch respectfully request that this Court grant judgment against the Plaintiffs as to the Permits at issue.

Respectfully submitted,

INDEPENDENCE COAL COMPANY, INC.
and JACKS BRANCH COAL COMPANY

By Counsel

/s/*Robert G. McLusky*
ROBERT G. McLUSKY, WVBN 2489
DOUGLAS J. CROUSE, WVBN 11094
MATTHEW S. TYREE, WVBN 11160
JACKSON KELLY, PLLC
500 Lee Street, East, Suite 1600
P. O. Box 553
Charleston, WV  25322-0553
*Counsel for Coal-Mac, Inc. and*
*Mingo Logan Coal Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
COAL RIVER MOUNTAIN WATCH, INC.
and SIERRA CLUB**

        **Plaintiffs,**

v.           CIVIL ACTION NO. 3:10-cv-00836

**INDEPENDENCE COAL COMPANY, INC.
and JACKS BRANCH COAL COMPANY,**

        **Defendants.**

### CERTIFICATE OF SERVICE

    I, Robert G. McLusky, do hereby certify that a true and exact copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT was caused to be served upon the following via United States mail, postage pre-paid, this 1st day of November, 2010.

        Joseph M. Lovett
        Derek O. Teaney
        Appalachian Center for the Economy and the
          Environment
        P.O. Box 507
        Lewisburg, WV 24901

        /s/*Robert G. McLusky*

{C1902185.1}