IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

                       Plaintiffs,

v.                                           CIVIL  ACTION  NO.  3:10-0836

INDEPENDENCE COAL COMPANY, INC., et al.,

                       Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Certification of Finality for Appeal and in the

Alternative Motion for Certification of Controlling Questions of Law for Interlocutory Appeal [Doc.

105] filed by Independence Coal Company, Inc. and Jacks Branch Coal Company ("Defendants").

For the reasons that follow, the Court **DENIES** the motion.

**I.      Background**

On June 17, 2010, various environmental organizations ("Plaintiffs") filed this action under

the citizen-suit provisions of the Federal Water Pollution Control Act (hereinafter the "CWA" or

"Clean Water Act"), 33 U.S.C. § 1251 *et seq.*, and the Surface Mining Control and Reclamation Act,

30 U.S.C. § 1201 *et seq*. Plaintiffs sought "enforcement of the selenium effluent limitations under

West Virginia/National Pollution Discharge Elimination System ("WV/NPDES") and West Virginia

Surface Coal Mining and Reclamation Act [] permits issued by the West Virginia Department of

Environmental Protection [] to . . . [D]efendants. " *OVEC v. Coal-Mac, Inc.*, --- F. Supp. 2d ----,

2011 WL 1237643, at *1 (S.D. W. Va. March 31, 2011).  The permits at issue are the subject of

ongoing state proceedings in front of the West Virginia Environmental Quality Board ("EQB").

On March 31, 2011, the Court granted Plaintiffs' motions for partial summary judgment, finding in part that the EQB's stays of adjudication exceeded the scope of its statutory authority and that Plaintiffs were entitled to civil penalties and permanent injunctive relief as a result of Defendants' permit violations. *See id.* at *21, 25-27. The Court denied Defendants' motions for partial summary judgment. *See id.* at *28. Later, on May 20, the Court denied Defendants' motion for summary judgment as to the question of whether a 2008 Consent Decree entered into between Massey Energy Company and the EPA precludes this lawsuit. Because Plaintiffs successfully circumvented the numerous hurdles Defendants placed in the way of their attempt to succeed on the merits, the Court has set a bench trial for August 9, 2011 in order to determine the scope of injunctive relief and the amount of civil penalties.

## II.     Discussion

On May 27, Defendants filed the instant motion, seeking either leave to appeal the Court's March 31 and May 20 findings under Rule 54(b) of the Federal Rules of Civil Procedure or, in the alternative, certification of two controlling questions for interlocutory appeal. *See infra* Section II.B. Defendants reason that the issues for resolution at the August 9, 2011 hearing are merely residual loose ends in a case that is otherwise practically resolved at the district court level. For that reason, Defendants argue that an immediate appeal would efficiently hasten the final disposition of this litigation.

### A.     Motion for Certification Under Rule 54(b)

The court of appeals maintains limited jurisdiction pursuant to 28 U.S.C. § 1291. Namely, it may hear appeals from all final orders entered by the district courts. *See* 28 U.S.C. § 1291. An

order is "final" within the meaning of § 1291 where it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Penn-America Ins. Co. v. Mapp*, 521 F.3d 290, 294 (4th Cir. 2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  As discussed, the Court must still decide the relief to be awarded, including the scope of the injunction and the amount of civil penalties.   Nonetheless, Defendants claim that they should be permitted to appeal the Court's legal findings under Rule 54(b).  Rule 54(b) pertinently provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more . . . claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Defendants essentially argue that the remaining issues to be resolved are distinct and entirely separate from the substantive findings in the Court's March 31 and May 20 Orders.  Therefore, they conclude that there is simply no just reason for delaying the imminent and inevitable appeal that will follow a final judgment order.  The Court disagrees.

As a threshold matter, the Court acknowledges the "strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690 (1974).  In this case, the Court has not issued a final order.  To the contrary, it has merely granted partial summary judgment on the merits.  As Plaintiffs note, where partial summary judgment is granted, but "further relief is specifically reserved" on the remainder of a claim, there cannot be a final order entirely disposing of the action with respect to that claim.  *See, e.g.*, *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978)

-3-

(finding as much).

Defendants also do not offer a compelling argument as to why a short delay in filing an appeal would be particularly undesirable in this case. Defendants contend that they may be ordered, after the August 9, 2011 hearing, to employ "needlessly expensive" selenium treatment technologies. Defs.' Mot. Cert. Finality for Appeal 3 n. 1, No. 105. But as Plaintiffs correctly point out, Defendants have offered little evidence supporting the latter assertion. In any case, these concerns are more appropriate on a motion to stay the Court's final judgment pending an appeal, not on a motion attempting to circumvent the final judgment rule. For that reason, the Court finds that Defendants have failed to satisfy their burden to show that there is no just reason for a delay in filing an appeal. Therefore, the Court **DENIES** Defendants' motion requesting the entry of a final judgment on the Court's March 31 and May 20 Orders under Rule 54(b).

### B.      Certification Under 28 U.S.C. § 1292(b)

Even where a district court has yet to enter a final judgment order, it may certify an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

*Id.* Defendants seek certification of the following questions:

1.      Does the Clean Water Act authorize a citizen suit to proceed under 33 U.S.C. § 1365 when the underlying NPDES permit limits have been stayed by an order of the State Environmental Quality Board pursuant to W. Va. Code § 22B-1-7?

> 2.   Does the Consent Decree entered into between the U.S. EPA and Massey Energy Company, parent company of Defendants, which subjects Defendants to stipulated penalties in case of future NPDES permit violations, constitute a "diligent prosecution" under the Clean Water Act that deprives a federal district court from asserting subject matter jurisdiction over the action?

Under the plain language of § 1292(b), the Court must consider three factors in determining whether to certify these questions for appeal: "(1) whether the order involves a 'controlling question of law,' (2) whether there is 'substantial ground for difference of opinion' with respect to the applicable legal principles; and (3) whether an immediate appeal might 'materially advance the ultimate termination of the litigation.'" *Big Rock Sports, LLC v. AcuSport Corp.*, No. 4:08-cv-159-F, 2011 U.S. Dist. LEXIS 12711, at *4-5 (E.D.N.C. Feb. 9, 2011) (quoting § 1292(b)).  However, relief under § 1292(b) constitutes an "extraordinary remedy," *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 U.S. App. LEXIS 20859, at *5 (4th Cir. April 26, 1989), and the Court finds that the standard is not satisfied in this case.

### 1.   Controlling Question

Under the first factor of the § 1292(b) standard, the issue for certification must be a controlling question of *law*.  *See id.*  "While there is no set formula for what makes up a controlling question of law, courts generally agree that a question is controlling if the incorrect disposition would require reversal of a final judgment for further proceedings."  *Spinozzi v. Lendingtree, LLC*, No. 3:08-md-1976-FDW, 2009 U.S. Dist. LEXIS 42653, at *6 (W.D.N.C. May 5, 2009) (internal quotation marks omitted).  At the outset, the Court finds that Defendants' first question satisfies this standard inasmuch as an alternative holding by the court of appeals would require a reversal of the Court's findings.

However, the Court notes that Defendants' second proposed question is not a pure question

of law appropriate for interlocutory certification. Whether the Court is deprived of jurisdiction due to the Consent Decree entered into between the EPA and Massey Energy Company is a "mixed question[] of law and fact for which the Court made detailed factual findings." *Id.* Specifically, in its May 20, 2011 Order, the Court denied Defendants' argument that the aforementioned Consent Decree precluded Plaintiffs' action because it constituted a "diligent prosecution" under the Clean Water Act. *OVEC v. Independence Coal Co., Inc.*, No. 3:10-00836, 2011 WL 1984523, at \*4-7 (S.D. W. Va. May 20, 2011). In denying Defendants' motion for summary judgment on this issue, the Court considered Defendants' violations of the effluent limitations contained in their WV/NPDES permits even in the face of the Consent Decree. *Id.* at 5-7. To resolve this issue, far from solely defining the contours of a legal rule or standard, the court of appeals will unquestionably be required to assess the extended facts surrounding this case. Accordingly, the Court finds that Defendants' second question is not a "controlling question of law."

### 2.     Substantial Grounds for Difference of Opinion

"An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling question of law." *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 U.S. Dist. LEXIS 121255, at \*7 (E.D. Va. Nov. 15, 2010) (citing *McDaniel v. Mehfoud*, 708 F. Supp. 754, 756 (E.D. Va. 1989)). A ground for dispute is substantial if it involves conflicting circuit court opinions, or where the dispute raises a novel and difficult question of first impression. *See id.* (internal quotations omitted). The Court does not find a substantial ground for difference of opinion as to either question raised for certification.

First, Defendants do not point to any other authorities—much less a circuit split—reaching conclusions different than those reached by the Court in its March 31 and May 20 Orders. Further,

while the issues were perhaps somewhat difficult to resolve, the Court is unconvinced that they were substantially unclear or ambiguous. In most contested litigations, opposing parties present non-frivolous—and perhaps almost equally compelling—alternative grounds of argument for relief or defense. Interlocutory certification under §1292(b) is reserved not for the relatively difficult questions, but instead for those questions that are so "pivotal and debatable to merit halting [the] litigation" to petition the court of appeals for final resolution. *Id.* (internal quotation marks omitted). The questions here do not approach that high threshold. Therefore, because of the strong federal policy disfavoring fractured appeals, the Court finds that Defendants' questions do not raise substantial grounds for difference of opinion.

### 3.     Judicial Economy

The Court finally rejects Defendants' argument that immediate appeal of its proposed questions would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The remaining issues left for resolution primarily concern the remedies available for permit violations. In other cases granting interlocutory certification, courts have heavily weighted the interest in saving years of potentially complicated and expensive litigation. *See, e.g.*, *Novell, Inc. v. Microsoft Corp.*, No. JFM-05-1087, 2005 U.S. Dist. LEXIS 17988, at *4 (D. Md. Aug. 19, 2005) (certifying questions for an interlocutory appeal under § 1292(b) arising from the denial of the defendant's motion to dismiss where doing so would save "considerable cost[,] . . . time and executive resources"). That interest is simply inapplicable here as the currently-scheduled bench hearing is less than two months away, and is not expected to be protracted for an indefinite period of time.

Perhaps most importantly, by waiting for the Court to resolve the issues on the scope of

injunctive relief and the amount of civil penalties, this matter will be able to proceed in a unified, rather than staggered, appeal. *Cf. Clark Constr. Group Inc. v. Allglass Sys.*, No. DKC 2002-1590, 2005 U.S. Dist. LEXIS 5278, at \*14 (D. Md. Mar. 30, 2005) (finding that certification was inappropriate on an issue of liability that was finally decided where questions related to damages remained undetermined). The Court therefore **DENIES** Defendants' request to certify questions for interlocutory appeal.

## III.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Certification of Finality for Appeal and in the Alternative Motion for Certification of Controlling Questions of Law for Interlocutory Appeal.  [Doc. 105]

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        June 20, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE